# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 99-1561

_____

| | | |
|---|---|---|
| Paul Beckmann, | * | |
| | * | |
| | * | |
| Appellant, | * | |
| | * | |
| | * | |
| v. | * | |
| | * | |
| City of Mendota Heights, Minnesota, | * | Appeal from the United States |
| | * | District Court for the District |
| Appellee. | * | of Minnesota. |
| _____ | * | |
| | * | [UNPUBLISHED] |
| The American Radio Rely League, | * | |
| Incorporated, | * | |
| | * | |
| Amicus on Behalf of | * | |
| Appellant. | * | |

_____

Submitted: December 17, 1999

Filed: December 23, 1999

_____

Before McMILLIAN and FAGG, Circuit Judges, and BOGUE,[*] District Judge.

_____

PER CURIAM.

_____

[*]The Honorable Andrew W. Bogue, United States District Judge for the District of South Dakota, sitting by designation.

Paul Beckmann appeals the district court's grant of summary judgment in favor of the City of Mendota Heights, Minnesota on Beckmann's zoning variance claim. Beckmann, a federally licensed ham radio operator, applied for a height variance permitting him to erect an antenna in his yard that would be higher than surrounding buildings and trees and thus allow communication with low-earth-orbiting satellites. When the City denied Beckmann's request, he brought this lawsuit contending application of the zoning ordinance is preempted by federal law, the ordinance is an invalid exercise of the City's police power, and the denial of his request was arbitrary and capricious.

Having considered the record and the parties' briefs in the context of Beckmann's contentions, we are satisfied that no error appears in the district court's ruling. We believe the district court correctly determined that the City Council's factual findings were well supported, that alternate locations existed, that the City reasonably accommodated Beckmann, and that the City's decision was not arbitrary and capricious. Because the parties' submissions show they are thoroughly familiar with the issues before the court, we believe that an extended discussion about the application of the controlling law in the framework of facts that are unique to these parties would serve no useful precedential purpose. We thus affirm on the basis of the district court's well-reasoned memorandum and order without further discussion. See 8th Cir. R. 47B.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.